F. F. REYNOLDS, D.D.S., Appellant,

v.

KENTUCKY STATE BOARD OF DENTAL EXAMINERS, Appellee.

Court of Appeals of Kentucky.

June 17, 1955.

540

Wallace & Hopson, Louisville, for appellant.

Wiggins & Wiggins, Richmond, for appellee.

CULLEN, Commissioner.

The Kentucky State Board of Dental Examiners suspended, for one year, the license of Dr. F. F. Reynolds to practice dentistry. He attempted to appeal to the circuit court from the order of suspension, but the appeal was dismissed on the ground that the court lacked jurisdiction to entertain such an appeal. On his appeal to this Court the only question is whether the circuit court erred in holding it was without jurisdiction.

The statutes regulating the practice of dentistry are contained in KRS 313.010 to 313.250, which are based upon an Act of 1938. In KRS 313.180 it is provided that an appeal may be taken to the circuit court from an order *revoking* a license, but there is no provision for an appeal from an order *suspending* a license.

Dr. Reynolds concedes that he has no right of appeal under KRS 313.180, but contends he has such a right under KRS 313.-340. The latter statute is part of a 1942 Act, which relates only to the practice of dental hygiene. As a matter of fact, KRS 313.330, which provides for revocation or suspension of the license of a dental hygienist, and KRS 313.340, which provides for appeals to the circuit court, were both set forth as part of a single section of the 1942 Act, and apparently were divided into two KRS sections merely for convenience in compilation.

 Although the language of KRS 313.-340 is broad enough on its face to cover appeals from any action of the State Board of Dental Examiners, we think it is beyond question that the section was intended to apply and can apply, only to action concerning licenses of dental hygienists. Not only the body of the 1942 Act, but its title, makes clear that the Act is confined to the regulation of the practice of dental hygiene.

The lower court correctly held that Dr. Reynolds has no right of appeal from the order suspending his license to practice dentistry. However, as pointed out in the opinion of the lower court, he is not without remedy if he can establish, in an independent suit, that the action of the board was arbitrary or capricious. See Kendall v. Beiling, 295 Ky. 782, 175 S.W.2d 489.

The judgment is affirmed.